UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-20137-BLOOM/Otazo-Reyes**

JOE MYERESS,

      Plaintiff,

v.

BEAUTIFUL PEOPLE MAGAZINE, INC.,

      Defendant.

_____/

## ORDER ON MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Joe Myeress's ("Plaintiff") Motion for Final Default Judgment, ECF No. [16] (the "Motion"). A Clerk's Default, ECF No. [14], was entered against Defendant Beautiful People Magazine, Inc. on April 13, 2022, as Defendant failed to appear, answer, or otherwise plead to the Complaint, ECF No. [1], despite having been served. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is granted.

### I.      BACKGROUND

In 2009, Plaintiff created a photograph (the "Work"), and registered it with the Register of Copyrights on April 8, 2015. ECF No. [1] ¶¶ 10-11; *see also* ECF No. [1-1]. Defendant has never acquired a license or permission from Plaintiff to use the Work. *See* ECF No. [1] ¶¶ 14, 17. Nevertheless, on or about July 12, 2021, Plaintiff discovered that Defendant had copied and distributed the Work on the internet on its website. *Id.* ¶¶ 15-16.

After Defendant failed to respond to Plaintiff's demand letters, *see* ECF No.[1-3], Plaintiff filed a Complaint against Defendant, asserting one count for copyright infringement under 17

U.S.C. § 501. *See id*. Defendant was served with the Complaint on March 8, 2022. ECF No. [11]. The date for Defendant to file a response to the Complaint was March 29, 2022. *See id*. Following Defendant's failure to file a response, the Court ordered Defendant to file a response by April 6, 2022. ECF No. [12]. Defendant again failed to comply. After the Clerk entered a default against Defendant, ECF No. [14], Plaintiff filed the present Motion, seeking statutory damages under 17 U.S.C. § 504 (specifically, an amount five times his actual damages and based on the willful conduct of Defendant), attorneys' fees and costs under 17 U.S.C. § 505, and an injunction pursuant to 17 U.S.C. § 502.

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis in original). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

If the complaint states a claim, the Court must then determine the amount of damages and, if necessary, "may conduct hearings . . . [to] determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, where all the essential evidence to determine damages is on the paper record, an evidentiary hearing on damages is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . no such hearing is required where all essential evidence is already of record.") (citations omitted); *see*

*also Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." (citation omitted)).

### III.   DISCUSSION

#### A.   Copyright Infringement

The Copyright Act provides in relevant part that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 [17 U.S.C. §§ 106-122] or of the author as provided in section 106A(a) [17 U.S.C. § 106A(a)] . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501(a). Liability for copyright infringement arises when a plaintiff can prove (1) ownership of a copyright, and (2) a defendant's copying of the copyrighted work. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Plaintiff may satisfy the first prong by producing the certificates of registration, and once produced, the burden shifts to Defendant to demonstrate why the claim of copyright is invalid. *See id.* at 361; 17 U.S.C. § 410(c) (noting that a "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and the facts stated in the certificate"). The second prong, the copying element of an infringement claim, has two components: (1) Plaintiff must demonstrate that Defendant copied Plaintiff's work as a factual matter; and (2) Plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232-33 (11th Cir. 2010).

Here, Plaintiff registered the Work pursuant to 17 U.S.C. § 411(a) and was given a Certificate of Registration, Registration Number VA 1-95-450, as of April 8, 2015. ECF No. [1] ¶ 11; ECF No. [1-1]. As such, the Court finds that Plaintiff was the owner of a valid copyright for the Work. In addition, Plaintiff alleges that Defendant copied and published the Work on Defendant's website, and has produced documents showing such copying. ECF No. [1] ¶¶ 15, 18; ECF No. [1-2]. The produced documents present no factual or subjective issue of "substantial similarity" because the Work in question is a photograph, and Defendant took an exact copy of the entire image. *See* ECF No. [1-2] at 10.

Accordingly, Plaintiff has pleaded all the required elements to state a claim for copyright infringement. Therefore, Plaintiff is entitled to entry of final default judgment against Defendant as to Count 1 of the Complaint.

### B.  Willfulness

Plaintiff also requests that the Court find Defendant's infringement to be willful. Willful infringement occurs "when the infringer acted with 'actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'" *Arista Records, Inc. v. Beker Enterps. Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). Moreover, a court may infer that a defendant willfully infringed a plaintiff's copyrights because of a defendant's default. *Id.* at 1313 (citations omitted).

Plaintiff in this case notified Defendant in writing of his copyright in the Work and demanded on at least two occasions that Defendant cease the infringing use of the work and pay a license fee for the unauthorized use of the work. ECF No. [1] ¶ 23 & ECF No. [1-3]; ECF No. [16-3] ¶ 18. Given Plaintiff's repeated requests and Defendant's reproduction, distribution, and public display of the copyrighted work without obtaining, or even seeking, permission from Plaintiff as

copyright owner, and subsequent refusal to pay a licensing fee to compensate for its use of the Work, demonstrates that Defendant had actual knowledge, or at least acted with reckless disregard, of the fact that its conduct infringed upon Plaintiff's exclusive copyright. Accordingly, Defendant's default and the well-pled facts of the Complaint, which are admitted by Defendant's default, establish that Defendant's infringement of Plaintiff's work was willful and deliberate.

### C. Damages

Pursuant to 17 U.S.C. § 504(b), a plaintiff is entitled "to recover the actual damages suffered by him or her as a result of the infringement[.]" Pursuant to 17 U.S.C. § 504(c), Plaintiff may elect to recover statutory damages for Defendant's infringement. In addition, pursuant to 17 U.S.C. § 504(c)(2), the Court in its discretion may increase an award of statutory damages up to $150,000.00 when infringement was committed willfully. In awarding enhanced damages in the context of section 504(c)(2), "deterrence of future violations is a legitimate consideration" because "defendants must not be able to sneer in the face of copyright owners and copyright laws." *Cable/Home Commc'n Corp. v. Network Prods.*, 902 F.2d 829, 851 (11th Cir. 1990) (internal quotation omitted). When an infringing party does not provide expenses saved and profits reaped by the infringing party, the court will instead only look to the actual damages and willful conduct and award an amount of two to three times actual damages to fully compensate a plaintiff and adequately deter future conduct like that of Defendant. *See Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994) (plaintiffs' request of statutory damages of an amount approximately three times what the Defendant would have paid to be licensed is a modest, just and appropriate award under section 504(c)"); *see also Barnstormers, Inc. v. Wing Walkers*, LLC, 2011 U.S. Dist. LEXIS 47143 *15 (W.D. Tex. May 3, 2011) ("in light of Plaintiff's $6,000 in actual damages and Defendants' willful conduct, the Court finds a just award of statutory damages to be

three times Plaintiff's actual damages, or $18,000"); *Cynthia Hunt Prods. Ltd. v. Evolution of Fitness Houston Inc.*, 2007 U.S. Dist. LEXIS 77630, at *6 (S.D. Tex. Oct. 18, 2007).

### i.   Actual Damages

As evidence of license fees paid by other licensees for similar content and use, Plaintiff submitted his Declaration. ECF No. [ECF No. [16-3]. The Declaration represents that the typical range of fees Plaintiff receives for creating and licensing the right to make non-exclusive commercial use (meaning use for purposes of advertising or promoting the licensee's business) and displaying on the internet one of his copyrighted photographs similar in quality and popularity to the Work is approximately $2,000.00-$5,000.00 per image, per year. ECF No. [16-3] ¶ 11. Plaintiff asserts that had Defendant requested a license to reproduce and display the Work on its website, Plaintiff would have charged at least $4,000.00 for a license to use the photograph for a one-year term. *Id.* ¶ 19.

Plaintiff also requests that the Court take into consideration the scarcity of the Work, as reflected by his use of significant technical attributes to create the work. Specifically, Plaintiff employed the following, including:

> monitoring the environment with regard to atmospheric conditions, cloud cover, wind speed, wind direction, and precipitation; extensive image location scouting to identify potential photo locations, angles, elevations, accessibility, and security issues; obtaining extensive authorizations to secure access to private property; and using advanced photo exposure control, both in-camera and via post-production software, to ensure a common brightness, contract, clarity, color temperature, color saturation, color tonality, and image noise reduction.

*Id.* ¶ 9.

Furthermore, Plaintiff declares that the Work has lost significant value by the widespread and continuing dissemination resulting from Defendant's infringement. *Id.* ¶ 20-21. Accordingly, Plaintiff believes his damages to be $20,000.00, after applying a scarcity multiplier of five to the

licensing fee of $4,000.00, for infringement dating back to at least July, 2021. *Id.* ¶ 22; ECF No. [1] ¶ 16; *see Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 394 (3d Cir. 2016) (affirming a jury verdict of $1.6 million where the sum included three to five times the benchmark because of the scarcity factor). The Court finds that Plaintiff's request to apply a scarcity multiplier of five is appropriate to reflect the fair market value of the Work. Thus Plaintiff's actual damages amount to $20,000.00.

Because Defendant refused to participate in discovery or otherwise defend this matter, Plaintiff is without information to identify exactly how long it used Plaintiff's Work for its own commercial purposes. Plaintiff's actual damages may be a multiple of his annual license fee and Defendant's known profits, but Defendant, through its inaction, suppressed the information necessary to identify the correct figure. Similarly, Defendant's refusal to cooperate in discovery has prevented Plaintiff from identifying the amount of profits related to its infringing use of Plaintiff's Work that are recoverable pursuant to 17 U.S.C. § 504(b) in addition to Plaintiff's actual losses. To establish Defendant's profits subject to disgorgement under § 504(b), a "copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to provide his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Defendant solely controls all information concerning its gross revenue related to its infringing use of the Work, and it has made it impossible for Plaintiff to present that evidence to the Court.

As such, the Court concludes that actual damages are insufficient, and Plaintiff is entitled to an award of statutory damages for Defendant's willful infringement of Plaintiff's copyrighted Work.

### ii. Statutory Damages

In this case, Plaintiff sent Defendant pre-suit notice of its infringement of Plaintiff's Work on October 1, 2021 and October 21, 2021. *See* ECF No. [1] ¶ 23; *see also* ECF No. [1-3]. Defendant received further notice of its conduct upon the service of the Complaint in this action. "Moreover, this Court may infer that Defendant willfully infringed Plaintiffs' copyrights because of Defendants' default." *Arista Records, Inc.*, at 1313 (internal citations omitted). Accordingly, the Court finds that Defendant's infringement of the Work was willful, and that Plaintiff is entitled to a trebling of its actual damages of $20,000.00. *See Major Bob Music*, 851 F. Supp. at 481 (S.D. Ga. 1994) (plaintiffs' request of statutory damages of an amount approximately three times what the defendant would have paid to be licensed "is a modest, just and appropriate award under section 504(c)(1)"). In sum, the Court finds that Plaintiff is entitled to $60,000 in statutory damages.

### iii. Injunctive Relief

Plaintiff also seeks a permanent injunction against Defendant. Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 USCS § 502. Injunctions are regularly issued pursuant to section 502 because "the public interest is the interest in upholding copyright protections." The Court finds that a permanent injunction is warranted in light of Defendant's continued use of Plaintiff's Work despite being on notice of said infringement. *See Arista Records*, 298 F. Supp. 2d at 1314 (entering permanent injunction against defendants with respect to plaintiff's copyrighted work, including plaintiff's work to be created in the future).

### D.   Attorneys' Fees

Finally, Plaintiff seeks attorneys' fees and costs. Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party . . . [and] the court may also award a reasonable attorney's fee to pay the prevailing party as part of the costs." Attorneys' fees "are to be awarded to prevailing parties only as a matter of the court's discretion," when such an award would "encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 (1994). As with all fee petitions, the moving party has the burden of demonstrating that its fee request is reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). Upon entry of final judgment, Plaintiff is the prevailing party in this case. Further, in view of the willful nature of Defendant's infringement and its failure to defend or otherwise participate in this action, leading to delays and increased costs and fees, an award of full costs and attorneys' fees to Plaintiff is appropriate.

The Supreme Court has put forth a nonexclusive list of factors to consider when determining whether to award a prevailing party its attorney's fees under § 505, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty,* 510 U.S. at 534 n.19. Here, the four factors outlined in *Fogerty* weigh in favor of granting Plaintiff its attorneys' fees. First, Plaintiff's claim against Defendant is not frivolous, as Plaintiff provided evidence of Defendant's infringement of the Work. Nor is there any evidence or suggestion that Plaintiff had an improper motive for bringing this action. Instead, it is evident that it was brought for the sole purpose of protecting his copyrighted Work from Defendant's infringing conduct. Regarding the third factor, the Court determines that Defendant's actions were objectively unreasonable, considering that Plaintiff sent demand letters to Defendant

Case No. 22-cv-20137-BLOOM/Otazo-Reyes

prior to initiating suit, which Defendant ignored, and that Defendant never appeared in the case. Finally, the Court finds that "the need in particular circumstances to advance considerations of compensation and deterrence" are warranted in this case. The Court finds that Plaintiff should be compensated for bringing this suit after Defendant refused to stop its infringement of Plaintiff's work. The award of attorney's fees, moreover, can serve as a deterrent for future conduct by Defendant.

Plaintiff seeks an award of fees in the amount of $5,252.00, and costs in the amount of $534.40. ECF No. [16], at 12. Plaintiff has supported its request with invoices, *see* ECF No. [16-2], and a declaration of the attorney of record attesting to the amounts incurred, *see* ECF No. [16-1]. The Court has reviewed the evidence in support and finds that the amount requested is reasonable in light of the nature and duration of the litigation that occurred in this case.

## IV.    CONCLUSION

For the reasons stated, the Court finds that Plaintiff is entitled to statutory damages under 17 U.S.C. § 504, an injunction pursuant to 17 U.S.C. § 502, and attorneys' fees and costs under 17 U.S.C. § 505. Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [16]**, is **GRANTED**. The Court will enter final judgment by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 3, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record